```
 1                UNITED STATES DISTRICT COURT

 2               CENTRAL DISTRICT OF CALIFORNIA

 3                           ---

 4              THE HONORABLE DALE S. FISCHER

 5            UNITED STATES DISTRICT JUDGE PRESIDING

 6

 7    United States of America,          )

 8                    Plaintiff,         )

 9                                       )

10    vs.                                )   Case No. CR 11-841-DSF

11                                       )

12    Robert Glenn Johns,                )

13                    Defendant.         )

14    _____   )

15

16

17              REPORTER'S TRANSCRIPT OF PROCEEDINGS

18                  Los Angeles, California

19                  Wednesday, July 11, 2012

20

21

22    Pamela A. Batalo, CSR, FCRR, RMR
      Official Reporter
23    Roybal Federal Building
      255 East Temple Street
24    Room 181-I
      Los Angeles, California  90012
25    (213) 687-0446
```

```
 1   APPEARANCES:

 2

 3     FOR THE GOVERNMENT:      OFFICE OF THE UNITED STATES ATTORNEY

 4                             BY:  VICKI CHOU

 5                                  ASSISTANT UNITED STATES ATTORNEY

 6                             312 N. SPRING STREET

 7                             LOS ANGELES, CA 90012

 8

 9     FOR DEFENDANT:          LAW OFFICES OF FREDRICO McCURRY

10                             BY:  FREDRICO McCURRY

11                             P.O. BOX 3695

12                             VAN NUYS, CA  91407

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1              Los Angeles, California, Wednesday, July 11, 2012

2                                1:30 p.m.

3                                 -oOo-

4              THE CLERK:  Calling CR 11-841-DSF, *United States of*

5    *America vs. Robert Glenn Johns.*

6              MS. CHOU:  Good afternoon, your Honor.  Vicki Chou for

7    the United States.

8              MR. McCURRY:  Good afternoon, your Honor.  Fred

9    McCurry representing Robert Johns, present in custody.

10             THE COURT:  Good afternoon.

11             Why don't you just remain where you are, Mr. McCurry.

12             This is the time set for sentencing.  I've read and

13   considered the presentence report and the addendum, and I've

14   also read and considered the position papers filed by the

15   government, the position and objections filed by the defendant,

16   and the response to the objections filed by the government.

17             Mr. McCurry, have you had enough time to read the

18   documents and review them with Mr. Johns?

19             MR. McCURRY:  Yes, your Honor.

20             THE COURT:  Did you explain the contents of the

21   documents to him?

22             MR. McCURRY:  Yes, your Honor.

23             THE COURT:  Do you have any concerns about his ability

24   to understand those documents?

25             MR. McCURRY:  No, your Honor.

```
 1              THE COURT:  Mr. Johns, did you get those documents?

 2              THE DEFENDANT:  I did.

 3              THE COURT:  Did you read them?

 4              THE DEFENDANT:  I did.

 5              THE COURT:  Do you need any more time to read them?

 6              THE DEFENDANT:  No, I don't.

 7              THE COURT:  Did Mr. McCurry explain them to you?

 8              THE DEFENDANT:  Yes.

 9              THE COURT:  Did you understand them?

10              THE DEFENDANT:  Yes.

11              THE COURT:  And, Mr. McCurry, is there anything you

12    want to contest or change in the presentence report, other than

13    what was submitted in writing?

14              MR. McCURRY:  No, your Honor.

15              THE COURT:  Is there anything you would like to

16    present in mitigation?

17              MR. McCURRY:  Your Honor, we'll just submit on the

18    pleadings.

19              THE COURT:  All right.  Thank you.

20              Mr. Johns, is there anything you would like to say

21    before I sentence you?

22              THE DEFENDANT:  No, ma'am.

23              THE COURT:  All right.

24              And, Ms. Chou, anything from the government?

25              MS. CHOU:  The government submits on the papers.
```

1          THE COURT:  And I'm speculating that the victim is not

2    present; is that correct?

3          MS. CHOU:  That's correct, your Honor.

4          THE COURT:  All right.

5          The probation officer has addressed several of

6    Mr. Johns' objections.  That Defendant McCullah has been

7    dismissed does not make the reference to him inappropriate.

8    Neither the probation officer nor the Court nor the government

9    are limited to consideration of facts admitted in the plea

10   agreement so there's no error in the reference to Mr. Knoles.

11   That's the probation officer's statement, clearly not Mr. Johns'

12   statement.  These facts do not impact sentencing and the Court

13   need not rule on the objections.

14          I find the revised report to be accurate and correct,

15   and I adopt the report and the calculation of the advisory

16   sentencing guidelines.

17          The advisory guidelines are the starting point and the

18   initial benchmark in the Court's analysis.  I'm consulting and

19   taking into account the November 2011 edition of the guidelines.

20          The total offense level is 22.  The criminal history

21   category is 6.  The guideline range for custody is 84 to 105

22   months and the range for supervised release is one to three

23   years.  The special assessment to the Crime Victims Fund is

24   $100.

25          In making an individualized determination based on the

facts, I'm also considering the factors described in

18 United States Code Section 3553(a), especially, but not

exclusively, the nature and circumstances of the offense and the

history and characteristics of the defendant, the need for the

sentence to reflect the seriousness of the offense, to promote

respect for the law and provide just punishment, to afford

adequate deterrence for criminal conduct and to protect the

public from further crimes of the defendant.  I'm considering

the kinds of sentences available and the kinds of sentence and

sentencing range established for the applicable category of

offense committed by the applicable category of defendant and

the need to avoid unwarranted sentence disparities among

defendants with similar records who've been convicted of similar

offenses.

        I agree with the government for the reasons stated in

the government's position papers that the maximum available

sentence of 120 months is appropriate here.  Even a cursory

review of the presentence report and defendant's experience with

the criminal justice system establishes that even a ten-year

sentence will not afford adequate deterrence for criminal

conduct.  The public will only be safe when Mr. Johns is in

prison, and clearly those around him are not even safe when he

is in prison.

        His history and characteristics establish that he is

much more dangerous than others who have committed similar

1   crimes, and the nature and circumstances of the offense are so

2   egregious as to compel imposition of the maximum legal sentence.

3          Without the excellent negotiating skills of his

4   attorney and his willingness to enter into this plea agreement,

5   there is no doubt that a significantly longer sentence would

6   have been imposed.

7          The Court has considered but rejects defendant's

8   arguments concerning the conditions of his incarceration.  The

9   Court has no reason to believe the facility in which he was held

10  did not meet federal standards.  Defendant is presently in the

11  custody of the United States Marshal's Service, and the legal

12  requirements are different from those relating to sentenced

13  prisoners.

14         I will now state the sentence, but counsel will have a

15  final chance to make legal objections before sentence is

16  imposed.

17         Does either counsel know of any reason why sentence

18  should not now be imposed?

19         MS. CHOU:  No, your Honor.

20         MR. McCURRY:  No, your Honor.

21         THE COURT:  I find that the following sentence is

22  reasonable and is sufficient, but is no greater than necessary,

23  to comply with the purposes stated in 18 United States Code

24  Section 3553(a).

25         It's ordered that the defendant shall pay to the

1  United States a special assessment of $100, which is due

2  immediately.  Any unpaid balance shall be due during the period

3  of imprisonment at the rate of not less than $25 per quarter and

4  pursuant to the bureau of prisons inmate financial

5  responsibility program.

6         It's ordered that the defendant shall pay restitution

7  in the total amount of $414,132.52 pursuant to 18 United States

8  Code Section 3663(a).  The amount of restitution shall be paid

9  to the Federal Correctional Complex in Victorville, Attention

10  Financial Management, P.O. Box 5400 in Adelanto, California.

11  Restitution shall be due during the period of imprisonment at

12  the rate of not less than $25 per quarter and pursuant to the

13  bureau of prisons inmate financial responsibility program.  If

14  any amount of the restitution remains unpaid after release from

15  custody, nominal monthly payments of at least 10 percent of

16  defendant's gross monthly income, but not less than $50,

17  whichever is greater, are payable during the period of

18  supervised release and shall begin 30 days after the

19  commencement of supervision.  Nominal restitution payments are

20  ordered as the Court finds that the defendant's economic

21  circumstances do not allow for either immediate or future

22  payment of the amount ordered.

23         The defendant shall be held jointly and severally

24  liable with co-participant Jason Knoles in this case for the

25  amount of restitution ordered in the judgment.  The victim's

1  recovery is limited to the amount of loss and the defendant's

2  liability for restitution ceases if and when the victim receives

3  full restitution.

4      Pursuant to 18 United States Code Section

5  3612(f)(3)(A), interest on the restitution ordered is waived

6  because the defendant does not have the ability to pay interest.

7  Payments may be subject to penalties for default and delinquency

8  pursuant to 18 United States Code Section 3612(g).  The

9  defendant shall comply with General Order No. 01-05.  All fines

10  are waived as I find that the defendant does not have the

11  ability to pay a fine in addition to restitution.

12      Pursuant to the Sentencing Reform Act of 1984, it's

13  the judgment of the Court that the defendant, Robert Glenn

14  Johns, his hereby committed on Count 2 of the Indictment to the

15  custody of the bureau of prisons to be imprisoned for a term of

16  120 months to be served consecutively to any undischarged term

17  of imprisonment remaining in United States District Court,

18  Eastern District of California, Docket No. 1:06-CR-79.

19      On release from imprisonment, the defendant shall be

20  placed on supervised release for a term of three years under the

21  following terms and conditions:

22      One, the defendant shall comply with the rules and

23  regulations of the U.S. Probation Office, General Order 05-02,

24  and General Order 01-05, including the three special conditions

25  delineated in General Order 01-05.

Two, defendant shall refrain from any unlawful use of
a controlled substance.  The defendant shall submit to one drug
test within 15 days of release from imprisonment and at least
two periodic drug tests thereafter, not to exceed eight tests
per month as directed by the probation officer.

Three, the defendant shall participate in an
outpatient substance abuse treatment and counseling program that
includes urinalysis, breath or sweat patch testing as directed
by the probation officer.  The defendant shall abstain from
using illicit drugs and alcohol and abusing prescription
medications during the period of supervision.

Four, during the course of supervision, the probation
officer, with the agreement of the defendant and defense
counsel, may place the defendant in a residential drug treatment
program approved by the U.S. Probation Office for treatment of
narcotic addiction or drug dependency which may include
counseling and testing to determine if the defendant has
reverted to the use of drugs and the defendant shall reside in
the treatment program until discharged by the program director
and probation officer.

Five, as directed by the probation officer, the
defendant shall pay all or part of the cost of treating the
defendant's drug and alcohol dependency to the after-care
contractor during the period of community supervision pursuant
to 18 United States Code Section 3672.  The defendant shall

1    provide payment and proof of payment as directed by the

2    probation officer.

3            Six, during the period of community supervision, the

4    defendant shall pay the special assessment and restitution in

5    accordance with this judgment's orders pertaining to such

6    payment.

7            Seven, the defendant shall cooperate in the collection

8    of a DNA sample.

9            And eight, the defendant shall pay all monies received

10   from income tax refunds, lottery winnings, inheritance,

11   judgments, and any anticipated or unexpected financial gains to

12   the outstanding court-ordered financial obligation.

13           The Court authorizes the probation office to disclose

14   the presentence report to the substance abuse treatment provider

15   to facilitate the defendant's treatment for narcotic addiction

16   or drug dependency.  Further re-disclosure of the presentence

17   report by the treatment provider is prohibited without the

18   consent of this Court.

19           The defendant is remanded to the custody of the

20   U.S. Marshal.

21           Does either counsel have anything further?

22           MS. CHOU:  Not from the government, your Honor.

23           MR. McCURRY:  Your Honor, we would request the Court

24   make a recommendation to the bureau of prisons that Mr. Johns be

25   housed in a California facility.

1          THE COURT:  I'll make that recommendation.  Of course,

2    Mr. McCurry, I'm sure you'll advise your client that the bureau

3    of prisons does not have to follow it.

4          MR. McCURRY:  Yes, your Honor.

5          THE COURT:  And is there anything to be dismissed,

6    Ms. Chou?

7          MS. CHOU:  Yes, your Honor.  The government moves to

8    dismiss the remaining count of the Indictment, Count 1.

9          THE COURT:  Granted.

10         The statement of reasons shall be included in the

11   commitment order and judgment and shall be provided to the

12   probation office, the sentencing commission, and the bureau of

13   prisons.  A complete copy of the presentence report as revised

14   shall be provided to the bureau of prisons and the sentencing

15   commission.  Any other copies of the report and related

16   materials shall remain confidential.  If an appeal is taken,

17   counsel on appeal shall have access to the report.

18         Sir, you have a right to appeal your conviction if you

19   believe that your guilty plea was somehow unlawful or

20   involuntary or if there was some other fundamental defect in the

21   proceedings that was not waived by your guilty plea.  You also

22   have a right to appeal your sentence under some circumstances,

23   particularly if you think your sentence is contrary to law.

24   However, a defendant may waive those rights as part of a plea

25   agreement, and you've entered into a plea agreement that waives

1    some or all of your right to appeal the sentence itself.  Such

2    waivers are generally enforceable.  If you believe the waiver is

3    unenforceable, you can present that theory to the court of

4    appeals.  With few exceptions, a notice of appeal must be filed

5    within 14 days of judgment being entered.

6              Do you understand that, sir?

7              THE DEFENDANT:  Yes.

8              THE COURT:  If you are unable to afford a transcript

9    of the record in this case, one will be provided at government

10   expense.  If you're unable to pay the cost of an appeal or

11   filing fee, you may apply for leave to appeal in forma pauperis.

12   If you do not have counsel to act on your behalf and if you

13   request it, the clerk of the court will prepare and file a

14   notice of appeal on your behalf.  You must make that request

15   within 14 days.  The notice of appeal must designate the

16   judgment or order appealed from and the fact that you're

17   appealing to court of appeals.  It should designate the portion

18   of the proceedings not already on file that you deem necessary

19   for the reporter to include.

20             Anything further?

21             MS. CHOU:  No, your Honor.  Thank you.

22             MR. McCURRY:  No, your Honor.

23             THE COURT:  Thank you.

24                  (Proceedings adjourned at 1:43 p.m.)

25

1    *CERTIFICATE OF OFFICIAL REPORTER*

2

3    *COUNTY OF LOS ANGELES )*
                            *)*
4    *STATE OF CALIFORNIA   )*

5

6

7            *I, Pamela A. Batalo, Federal Official Realtime Court*

8    *Reporter, Registered Professional Reporter, in and for the*

9    *United States District Court for the Central District of*

10   *California, do hereby certify that pursuant to Section 753,*

11   *Title 18, United States Code, that the foregoing is a true and*

12   *correct transcript of the stenographically reported proceedings*

13   *held in the above-entitled matter and that the transcript page*

14   *format is in conformance with the regulations of the Judicial*

15   *Conference of the United States.*

16

17
     *Date:  October 25, 2012*
18

19

20
     */s/ Pamela A. Batalo*
21   *Pamela A. Batalo, CSR No. 3593, FCRR, RMR*
     *Federal Official Court Reporter*
22

23

24

25