1              UNITED STATES DISTRICT COURT

2            CENTRAL DISTRICT OF CALIFORNIA

3                         ---

4            THE HONORABLE DALE S. FISCHER

5         UNITED STATES DISTRICT JUDGE PRESIDING

6

7   United States of America,          )

8                    Plaintiff,        )

9                                      )

10  vs.                                )   CR 11-841-DSF

11                                     )

12  Robert Glenn Johns and Jason       )

13  Knoles,                            )

14                    Defendants.      )

15  _____    )

16

17

18           REPORTER'S TRANSCRIPT OF PROCEEDINGS

19                    *Change of Pleas*

20              Los Angeles, California

21            Thursday, January 26, 2012

22  Pamela A. Batalo, CSR, FCRR, RMR
    Official Reporter
23  Roybal Federal Building
    255 East Temple Street
24  Room 181-I
    Los Angeles, California  90012
25  (213) 687-0446

```
1    APPEARANCES:

2

3     FOR THE GOVERNMENT:     VICKI CHOU

4                            ASSISTANT UNITED STATES ATTORNEY

5                            OFFICE OF UNITED STATES ATTORNEY

6                            GENERAL CRIMES SECTION

7                            312 NORTH SPRING STREET, 12TH FLOOR

8                            LOS ANGELES, CA 90012

9

10    FOR DEFENDANT JOHNS:     FREDRICO MCCURRY

11                            LAW OFFICES OF FREDRICO MCCURRY

12                            PO BOX 3695

13                            VAN NUYS, CA 91407

14

15

16    FOR DEFENDANT KNOLES:   MICHAEL S. MEZA

17                            LAW OFFICES OF MICHAEL S. MEZA

18                            333 CITY BOULEVARD WEST, 17TH FLOOR

19                            ORANGE, CA 92868

20

21

22

23

24

25
```

```
 1              Los Angeles, California, Thursday, January 26, 2012

 2                               9:30 a.m.

 3                                -oOo-

 4              THE CLERK:  Calling CR 11-841-DSF, United States of

 5   America vs. Robert Glenn Johns and Jason Knoles.

 6              MS. CHOU:  Good morning, your Honor.  Vicki Chou on

 7   behalf of the United States.

 8              MR. McCURRY:  Good morning, your Honor.  Fred McCurry

 9   representing Robert Johns, present in custody.

10              MR. MEZA:  Good morning, your Honor.  Mike Meza on

11   behalf of Mr. Knoles, who is present in custody.

12              THE COURT:  Good morning.

13              I take it you're willing to have me take the pleas

14   together?

15              MR. McCURRY:  That would be fine, your Honor.

16              MR. MEZA:  Yes.  Thank you.

17              THE COURT:  Where would the marshals be most

18   comfortable having -- all right.  Why don't you all approach the

19   lectern then and if Mr. Knoles can go closest to the

20   prosecutor's table and Mr. McCurry and his client -- thank you.

21              Let me ask you, Mr. Johns, is it all right if I take

22   both of these pleas together?

23              THE DEFENDANT (JOHNS):  Yes.

24              THE COURT:  And, Mr. Knoles, is that all right with

25   you as well?
```

1            THE DEFENDANT (KNOLES):  Yes, ma'am.

2            THE COURT:  Thank you.

3            The defendants have advised the Court that they want

4    to enter pleas of guilty pursuant to written plea agreements.

5    Those agreements will be incorporated and made a part of this

6    proceeding.

7            Before I accept your pleas of guilty, I must be sure

8    that you are fully informed of your rights and that you

9    understand your rights and the nature of this proceeding.  I am

10   going to ask you a series of questions and tell you about

11   certain rights.  If you don't understand one of my questions or

12   any statement that I make, please tell me, and I will stop and

13   make it clear for you.  Also you may stop me at any time to talk

14   to your lawyer, so please let me know whenever you want to do

15   that.

16           I am going to ask questions and then ask each of you

17   separately to answer.  So please wait until I call you by name

18   to answer the questions.

19           First, Ms. Plato, would you administer the oath.

20           THE CLERK:  Yes, your Honor.

21           Please raise your right hand, to the best of your

22   ability.

23           Do you swear that the answers you are about to give to

24   this Court in this matter will be the truth, the whole truth,

25   and nothing but the truth, so help you God?

```
 1              THE DEFENDANT (KNOLES):  Yes.

 2              THE COURT:  That was Mr. Knoles.

 3              Mr. Johns, you weren't raising your hand --

 4              THE DEFENDANT (JOHNS):  Yes.

 5              THE COURT:  Thank you.

 6              Do you understand that you are under oath, and if you

 7    answer any of my questions falsely, your answers may later be

 8    used against you in another prosecution for perjury or making a

 9    stalls statement, Mr. Johns?

10              THE DEFENDANT (JOHNS):  Yes.

11              THE COURT:  Mr. Knoles?

12              THE DEFENDANT (KNOLES):  Yes, ma'am.

13              THE COURT:  Do you understand that you have the right

14    to remain silent and not to answer any of my questions,

15    Mr. Johns?

16              THE DEFENDANT (JOHNS):  Yes.

17              THE COURT:  Mr. Knoles?

18              THE DEFENDANT (KNOLES):  Yes.

19              THE COURT:  Do you give up that right, Mr. Johns?

20              THE DEFENDANT (JOHNS):  Yes.

21              THE COURT:  Mr. Knoles?

22              THE DEFENDANT (KNOLES):  Yes.

23              THE COURT:  Counsel join, Mr. McCurry?

24              MR. McCURRY:  Yes.

25              THE COURT:  Mr. Meza?
```

```
 1              MR. MEZA:  Yes.

 2              THE COURT:  What is your true and correct full name,

 3    Mr. Johns?

 4              THE DEFENDANT (JOHNS):  Robert Glenn Johns.

 5              THE COURT:  Mr. Knoles?

 6              THE DEFENDANT (KNOLES):  Jason Gregory Knoles.

 7              THE COURT:  How old are you, Mr. Jones?

 8              THE DEFENDANT (JOHNS):  30.

 9              THE COURT:  Mr. Knoles?

10              THE DEFENDANT (KNOLES):  45.

11              THE COURT:  How many years of school have you

12    completed, Mr. Johns?

13              THE DEFENDANT (JOHNS):  Some college.

14              THE COURT:  Mr. Knoles?

15              THE DEFENDANT (KNOLES):  GED.

16              THE COURT:  Have you been treated recently for any

17    mental illness or addiction to narcotics of any kind, Mr. Johns?

18              THE DEFENDANT (JOHNS):  No.

19              THE COURT:  Mr. Knoles?

20              THE DEFENDANT (KNOLES):  No.

21              THE COURT:  Are you under the influence of any drug,

22    medication, or alcoholic beverage of any kind, Mr. Johns?

23              THE DEFENDANT (JOHNS):  No.

24              THE COURT:  Mr. Knoles?

25              THE DEFENDANT (KNOLES):  No.
```

1          THE COURT:  Have you had any drugs, medication, or

2  alcohol within the last three days, Mr. Johns?

3          THE DEFENDANT (JOHNS):  No.

4          THE COURT:  Mr. Knoles?

5          THE DEFENDANT (KNOLES):  No.

6          THE COURT:  Do you suffer from any mental condition or

7  disability that would prevent you from fully understanding the

8  charges against you or the consequences of your guilty plea,

9  Mr. Johns?

10          THE DEFENDANT (JOHNS):  No.

11          THE COURT:  Mr. Knoles?

12          THE DEFENDANT (KNOLES):  No, ma'am.

13          THE COURT:  Is there any reason we should not go

14  forward today, Mr. Johns?

15          THE DEFENDANT (JOHNS):  No.

16          THE COURT:  Mr. Knoles?

17          THE DEFENDANT (KNOLES):  No.

18          THE COURT:  Have you talked to your client today about

19  these proceedings, Mr. McCurry?

20          MR. McCURRY:  Yes, your Honor.

21          THE COURT:  Mr. Meza?

22          MR. MEZA:  Yes.

23          THE COURT:  Do you have any reason to believe your

24  client should not go forward with the plea today, Mr. McCurry?

25          MR. McCURRY:  No, your Honor.

```
 1              THE COURT:  Mr. Meza?

 2              MR. MEZA:  No.

 3              THE COURT:  Do you believe that he's in possession of

 4  his faculties and is competent to proceed, Mr. McCurry?

 5              MR. McCURRY:  Yes.

 6              THE COURT:  Mr. Meza?

 7              MR. MEZA:  Yes.

 8              THE COURT:  Based on the statements of defendants and

 9  their counsel and my observations, I find the defendants are in

10  full possession of their faculties and are competent to proceed.

11              Have you received a copy of the Indictment?  That's

12  the written statement of the charges against you, Mr. Johns?

13              THE DEFENDANT (JOHNS):  I have.

14              THE COURT:  Mr. Knoles?

15              THE DEFENDANT (KNOLES):  Yes, I have.

16              THE COURT:  You have the right to have the Indictment

17  read to you.  Would you like me to read it to you, Mr. Johns?

18              THE DEFENDANT (JOHNS):  No.

19              THE COURT:  Mr. Knoles?

20              THE DEFENDANT (KNOLES):  No, ma'am.

21              THE COURT:  Do you give up that right, Mr. Johns?

22              THE DEFENDANT (JOHNS):  I do.

23              THE COURT:  Mr. Knoles?

24              THE DEFENDANT (KNOLES):  Yes.

25              THE COURT:  You also have the following constitutional
```

1  rights that you will be giving up if you plead guilty.

2           You have the right to plead not guilty to any offense

3  charged against you and to persist in that plea.

4           You have the right to a speedy and public trial.

5           You have the right to a trial by jury.  At trial, you

6  would be presumed to be innocent, and the government would have

7  to prove your guilt by proving each element of the charge beyond

8  a reasonable doubt.

9           If both you and the government give up the right to a

10 jury trial, you have the right to be tried by the Court.

11          You have the right to the assistance of counsel for

12 your defense, even if you do not enter into a plea agreement.

13 If you cannot afford counsel, the Court will appoint counsel for

14 you free of charge to assist you at trial and at every other

15 stage of the proceedings.

16          You have the right to confront and cross-examine the

17 witnesses against you; that is, to see and hear all the

18 witnesses and have them questioned by your attorney.

19          You have the right to have witnesses subpoenaed and

20 compelled to testify on your behalf.

21          You have the right to testify yourself on your own

22 behalf.

23          You have the privilege against self-incrimination;

24 that is, you have the right not to testify or incriminate

25 yourself in any way.  If you went to trial and decided not to

1     testify, that fact could not be used against you.  By pleading

2     guilty, you are giving up that right and you are incriminating

3     yourself.

4           You have the right to appeal your conviction and your

5     sentence if you go to trial and you are convicted.

6           Has your attorney advised you of all these rights,

7     Mr. Johns?

8           THE DEFENDANT (JOHNS):  He has.

9           THE COURT:  Mr. Knoles?

10          THE DEFENDANT (KNOLES):  Yes, ma'am.

11          THE COURT:  Do you understand all of them, Mr. Johns?

12          THE DEFENDANT (JOHNS):  I do.

13          THE COURT:  Mr. Knoles?

14          THE DEFENDANT (KNOLES):  I do.

15          THE COURT:  Do you have any questions about any of

16     those rights, Mr. Johns?

17          THE DEFENDANT (JOHNS):  None.

18          THE COURT:  Mr. Knoles?

19          THE DEFENDANT (KNOLES):  No.

20          THE COURT:  Do you need any more time to talk to your

21     lawyer about them, Mr. Johns?

22          THE DEFENDANT (JOHNS):  No.

23          THE COURT:  Mr. Knoles?

24          THE DEFENDANT (KNOLES):  No.

25          THE COURT:  Do you understand that if your plea is

```
 1   accepted, you will be incriminating yourself, and you will have
 2   waived or given up your right to a trial and all the other
 3   rights I just described, Mr. Johns?
 4              THE DEFENDANT (JOHNS):  Yes.
 5              THE COURT:  Mr. Knoles?
 6              THE DEFENDANT (KNOLES):  Yes.
 7              THE COURT:  Do you give up those rights, Mr. Johns?
 8              THE DEFENDANT (JOHNS:  I do.
 9              THE COURT:  Mr. Knoles?
10              THE DEFENDANT (KNOLES):  I do also.
11              THE COURT:  Are you satisfied that each of the waivers
12   is knowingly, voluntarily, and intelligently made, Mr. McCurry?
13              MR. McCURRY:  Yes, your Honor.
14              THE COURT:  Mr. Meza?
15              MR. MEZA:  Yes.
16              THE COURT:  Do you join and concur in each of the
17   waivers, Mr. McCurry?
18              MR. McCURRY:  Yes.
19              THE COURT:  Mr. Meza?
20              MR. MEZA:  Yes.
21              THE COURT:  Gentlemen, you are charged with a
22   violation of Title 18 United States Code Section 113(a)(3) and
23   2(a), and that's assault with a dangerous weapon with intent to
24   do bodily harm.  That charge is a felony.  And the plea
25   agreements describe the elements of that charge, and they're
```

1    slightly different as to the two defendants.

2            The first element has to do with the assault, and that

3    is that the defendant assaulted someone by intentionally

4    striking and wounding him, and as to Mr. Johns, that person or

5    those persons are described as CT and PM, and as to Mr. Knoles,

6    it's described as PM.

7            And as to the other elements, they are the same for

8    both; that is, that the defendant did so with the intent to do

9    bodily harm to the victim or victims and that the defendant used

10   a dangerous weapon and that the assault took place within the

11   special maritime and territorial jurisdiction of the

12   United States.

13           Do you understand the nature of the charge, Mr. Johns?

14           THE DEFENDANT (JOHNS):  I do.

15           THE COURT:  Mr. Knoles?

16           THE DEFENDANT (KNOLES):  I do also.

17           THE COURT:  Have you discussed the charge and the

18   elements of the charge with your lawyer, Mr. Johns?

19           THE DEFENDANT (JOHNS):  Yes.

20           THE COURT:  Mr. Knoles?

21           THE DEFENDANT (KNOLES):  Yes.

22           THE COURT:  Do you have any questions about the

23   charge, Mr. Johns?

24           THE DEFENDANT (JOHNS):  I do not.

25           THE COURT:  Mr. Knoles?

```
 1                    THE DEFENDANT (KNOLES):  No.

 2              THE COURT:  Have you been advised of the maximum

 3    penalty, Mr. Johns?

 4                    THE DEFENDANT (JOHNS):  Yes.

 5              THE COURT:  Mr. Knoles?

 6                    THE DEFENDANT (KNOLES):  Yes, ma'am.

 7              THE COURT:  And the penalty is described again in the

 8    plea agreements, and it is the same for both defendants, and

 9    that is that the maximum sentence the Court can impose for that

10    violation is 10 years imprisonment, a three-year period of

11    supervised release, a fine of $250,000 or twice the gross gain

12    or gross loss resulting from the offense, whichever is greatest,

13    and a mandatory special assessment of $100.

14              Ms. Chou, is there any mandatory minimum or any

15    Apprendi issues?

16              MS. CHOU:  No, your Honor.

17              THE COURT:  Gentlemen, you may be subject to

18    supervised release, as indicated, after your release from

19    prison.  Have you discussed with your lawyer and do you

20    understand supervised release, Mr. Johns?

21                    THE DEFENDANT (JOHNS):  Yes.

22              THE COURT:  Mr. Knoles?

23                    THE DEFENDANT (KNOLES):  Yes.

24              THE COURT:  Do you understand if you are sentenced to

25    serve some time in prison and you are placed on supervised
```

```
1   release following imprisonment and you violate one or more of

2   the conditions of supervised release, you may be returned to

3   prison for all or part of the term of supervised release for

4   each violation, Mr. Johns?

5           THE DEFENDANT (JOHNS):  Yes.

6           THE COURT:  Mr. Knoles?

7           THE DEFENDANT (KNOLES):  Yes.

8           THE COURT:  Do you understand that if that happens, it

9   could result in your serving a total term of imprisonment

10  greater than the statutory maximum, Mr. Johns?

11          THE DEFENDANT (JOHNS):  Yes.

12          THE COURT:  Mr. Knoles?

13          THE DEFENDANT (KNOLES):  Yes.

14          THE COURT:  Do you understand that if you're presently

15  on parole, probation, or supervised release, this plea alone may

16  be the basis for revocation of that parole, probation, or

17  supervised release, and as a result, you may be returned to

18  prison on that other case, Mr. Johns?

19          THE DEFENDANT (JOHNS):  Yes.

20          THE COURT:  Mr. Knoles?

21          THE DEFENDANT (KNOLES):  Yes.

22          THE COURT:  Do you understand that if you're not a

23  citizen of the United States, this plea and conviction may cause

24  you to be deported or removed from the United States and may

25  result in denial of naturalization or citizenship, amnesty,
```

```
1    residency status, and admission to the United States in the
2    future, Mr. Johns?
3              THE DEFENDANT (JOHNS):  Yeah.
4              THE COURT:  Mr. Knoles?
5              THE DEFENDANT (KNOLES):  Yes.
6              THE COURT:  Gentlemen, you're pleading to a felony
7    offense.  If your plea is accepted, I will find you guilty.
8    That may deprive you of valuable civil rights such as the right
9    to vote, the right to hold public office, the right to serve on
10   a jury, and the right to possess a firearm of any kind.  Do you
11   understand that, Mr. Johns?
12             THE DEFENDANT (JOHNS):  I do.
13             THE COURT:  Mr. Knoles?
14             THE DEFENDANT (KNOLES):  Yes.
15             THE COURT:  Do you understand that any federal
16   sentence imposed cannot run currently with any state sentence
17   that has not been imposed at the time of your sentencing on the
18   federal crime, Mr. Johns?
19             THE DEFENDANT (JOHNS):  Yes.
20             THE COURT:  Mr. Knoles?
21             THE DEFENDANT (KNOLES):  Yes.
22             THE COURT:  And the Court will order you to pay
23   restitution to any victim of the offense, and the amount of
24   restitution is not limited to the amounts alleged in the counts
25   to which you're pleading guilty and will include losses arising
```

```
 1   from the counts dismissed pursuant to the agreement, as well as
 2   all relevant conduct in connection with those counts.  Do you
 3   understand that, Mr. Johns?
 4            THE DEFENDANT (JOHNS):  Yes.
 5            THE COURT:  Mr. Knoles?
 6            THE DEFENDANT (KNOLES):  Yes.
 7            THE COURT:  Do you understand the possible
 8   consequences of your plea, including the maximum sentence you
 9   can receive and the other terms I described, Mr. Johns?
10            THE DEFENDANT (JOHNS):  I do.
11            THE COURT:  Mr. Knoles?
12            THE DEFENDANT (KNOLES):  Yes.
13            THE COURT:  Do you understand that parole has been
14   abolished, and if you're sent to prison, you will not be
15   released on parole, Mr. Johns?
16            THE DEFENDANT (JOHNS):  Yes.
17            THE COURT:  Mr. Knoles?
18            THE DEFENDANT (KNOLES):  Yes.
19            THE COURT:  Do you have any questions regarding the
20   potential sentence that you may receive if the Court accepts
21   your plea of guilty, Mr. Johns?
22            THE DEFENDANT (JOHNS):  No.
23            THE COURT:  Mr. Knoles?
24            THE DEFENDANT (KNOLES):  No.
25            THE COURT:  Have you discussed the possible
```

```
1    punishment, the facts of your case, and the possible defenses

2    with your lawyer, Mr. Johns?

3              THE DEFENDANT (JOHNS):  Yes.

4              THE COURT:  Mr. Knoles?

5              THE DEFENDANT (KNOLES):  I have.

6              THE COURT:  Have you understood everything that has

7    been said so far, Mr. Johns?

8              THE DEFENDANT (JOHNS):  Yes.

9              THE COURT:  Mr. Knoles?

10             THE DEFENDANT (KNOLES):  Yes.

11             THE COURT:  Is there any reason I should not continue

12   with these proceedings and take your plea today, Mr. Johns?

13             THE DEFENDANT (JOHNS):  No.

14             THE COURT:  Mr. Knoles?

15             THE DEFENDANT (KNOLES):  No.

16             THE COURT:  Gentlemen, you will be sentenced under the

17   Sentencing Reform Act of 1984.  The United States Sentencing

18   Commission has issued guidelines the judge must consult and take

19   into account, but are not required to follow, in determining the

20   sentence in criminal cases.  In determining your sentence, the

21   Court is required to calculate the applicable sentencing

22   guidelines range and to consider that range, possible departures

23   under the sentencing guidelines, and other sentencing factors

24   under 18 United States Code Section 3553(a).

25             Have you and your lawyer talked about how the
```

1    sentencing guidelines might be applied in your case, Mr. Johns?

2             THE DEFENDANT (JOHNS):  Yes.

3             THE COURT:  Mr. Knoles?

4             THE DEFENDANT (KNOLES):  Yes.

5             THE COURT:  Do you understand that regardless of the

6    guidelines range, I may sentence you to prison for up to the

7    maximum time allowed by law, Mr. Johns?

8             THE DEFENDANT (JOHNS):  I do.

9             THE COURT:  Mr. Knoles?

10            THE DEFENDANT (KNOLES):  Yes, ma'am.

11            THE COURT:  Has your lawyer explained how the various

12   elements and factors will be used to determine your sentence,

13   Mr. Johns?

14            THE DEFENDANT (JOHNS):  Yes.

15            THE COURT:  Mr. Knoles?

16            THE DEFENDANT (KNOLES):  Yes.

17            THE COURT:  Do you understand that neither the Court

18   nor your lawyer will be able to determine the guidelines range

19   for your case until after the presentence report has been

20   prepared, Mr. Johns?

21            THE DEFENDANT (JOHNS):  Yes.

22            THE COURT:  Mr. Knoles?

23            THE DEFENDANT (KNOLES):  Yes.

24            THE COURT:  Do you understand that you and the

25   government will have an opportunity to review the report and

1    challenge the reported facts and the guidelines range

2    calculation and to suggest that the Court consider other

3    factors, Mr. Johns?

4              THE DEFENDANT (JOHNS):  Yes.

5              THE COURT:  Mr. Knoles?

6              THE DEFENDANT (KNOLES):  Yes.

7              THE COURT:  Do you understand that the sentence

8    imposed may be different from any estimate your lawyer may have

9    given you, Mr. Johns?

10             THE DEFENDANT (JOHNS):  Yes.

11             THE COURT:  Mr. Knoles?

12             THE DEFENDANT (KNOLES):  Yes.

13             THE COURT:  Do you also understand that after your

14   guidelines range has been calculated, the Court can impose a

15   sentence that is more severe or less severe than the sentence

16   called for in the guidelines, Mr. Johns?

17             THE DEFENDANT (JOHNS):  Yes.

18             THE COURT:  Mr. Knoles?

19             THE DEFENDANT (KNOLES):  Yes.

20             THE COURT:  Do you understand that neither this

21   uncertainty nor the disappointment you may feel over the

22   guidelines range for your case nor the Court's eventual sentence

23   would be a basis to withdraw your guilty plea, Mr. Johns?

24             THE DEFENDANT (JOHNS):  Yes.

25             THE COURT:  Mr. Knoles?

1               THE DEFENDANT (KNOLES):  Yes.

2               THE COURT:  Did you read the plea agreement and

3  discuss it with your lawyer before you signed it, Mr. Johns?

4               THE DEFENDANT (JOHNS):  I did.

5               THE COURT:  Mr. Knoles?

6               THE DEFENDANT (KNOLES):  Yes.

7               THE COURT:  Is that your signature on the agreement,

8  Mr. Johns?

9               THE DEFENDANT (JOHNS):  Yes.

10              THE COURT:  Mr. Knoles?

11              THE DEFENDANT (KNOLES):  Yes.

12              THE COURT:  Do you understand the terms of the

13  agreement, Mr. Johns?

14              THE DEFENDANT (JOHNS):  I do.

15              THE COURT:  Mr. Knoles?

16              THE DEFENDANT (KNOLES):  I do also.

17              THE COURT:  Do you want any more time to discuss it

18  with your lawyer, Mr. Johns?

19              THE DEFENDANT (JOHNS):  No.  I'm okay.

20              THE COURT:  Mr. Knoles?

21              THE DEFENDANT (KNOLES):  No.

22              THE COURT:  Do you understand that the Court is not a

23  party to the agreement and is not bound by its terms, Mr. Johns?

24              THE DEFENDANT (JOHNS):  Yes.

25              THE COURT:  Mr. Knoles?

```
1              THE DEFENDANT (KNOLES):  Yes.

2              THE COURT:  Are the terms of the agreement the entire

3    understanding that you have with the government, Mr. Johns?

4              THE DEFENDANT (JOHNS):  Yes.

5              THE COURT:  Mr. Knoles?

6              THE DEFENDANT (KNOLES):  Yes.

7              THE COURT:  Has anyone made any promises,

8    representations or guarantees of any kind to you in an effort to

9    get you to plead guilty in this case, other than what's

10   contained in the written plea agreement, Mr. Johns?

11             THE DEFENDANT (JOHNS):  No.

12             THE COURT:  Mr. Knoles?

13             THE DEFENDANT (KNOLES):  No.

14             THE COURT:  Other than what's contained in the written

15   plea agreement and other than a general discussion of the

16   guidelines with your lawyer, has anyone made you any promises of

17   leniency, a particular sentence, probation, or any other

18   inducement of any kind to get you to plead guilty, Mr. Johns?

19             THE DEFENDANT (JOHNS):  No.

20             THE COURT:  Mr. Knoles?

21             THE DEFENDANT (KNOLES):  No.

22             THE COURT:  Has anyone told you the Court will impose

23   any specific sentence in the event your plea of guilty is

24   accepted, Mr. Johns?

25             THE DEFENDANT (JOHNS):  No.
```

```
 1              THE COURT:  Mr. Knoles?

 2              THE DEFENDANT (KNOLES):  No.

 3              THE COURT:  Has anyone attempted in any way to

 4    threaten you, a family member, or anyone close to you or to

 5    force you to plead guilty in this case, Mr. Johns?

 6              THE DEFENDANT (JOHNS):  No.

 7              THE COURT:  Mr. Knoles?

 8              THE DEFENDANT (KNOLES):  No.

 9              THE COURT:  Are you pleading guilty voluntarily and of

10    your own free will, Mr. Johns?

11              THE DEFENDANT (JOHNS):  Yes.

12              THE COURT:  Mr. Knoles?

13              THE DEFENDANT (KNOLES):  Yes, I am.

14              THE COURT:  As part of the plea agreement, the

15    government has agreed to make certain recommendations concerning

16    your sentence or the offense level to be used in determining

17    your sentence.  Do you understand that these terms of the plea

18    agreement are merely recommendations to the Court and that the

19    Court can reject the recommendations and impose a sentence that

20    is more severe than you may expect without allowing you to

21    withdraw your plea, Mr. Johns?

22              THE DEFENDANT (JOHNS):  Yes.

23              THE COURT:  Mr. Knoles?

24              THE DEFENDANT (KNOLES):  Yes.

25              THE COURT:  Do you understand that by entering into
```

1   this plea agreement and entering a plea of guilty, you will have

2   given up or limited your right to appeal or collaterally attack

3   all or part of the sentence, Mr. Johns?

4           THE DEFENDANT (JOHNS):  Yes.

5           THE COURT:  Mr. Knoles?

6           THE DEFENDANT (KNOLES):  Yes.

7           THE COURT:  The plea agreements both contain what's

8   referred to as a Waiver of Appeal of Conviction, and that waiver

9   states that the defendant understands that with the exception of

10  an appeal based on a claim that defendant's guilty plea was

11  involuntary, by pleading guilty, defendant is waiving and giving

12  up any right to appeal defendant's conviction on the offense to

13  which the defendant is pleading guilty.

14          With regard to the sentence, there is also what is

15  called a Limited Mutual Waiver of Appeal of Sentence, and that

16  provision provides that the defendant agrees that provided the

17  Court imposes a total term of imprisonment on all counts of

18  conviction of no more than 120 months, which is the statutory

19  maximum, the defendant gives up the right to appeal all of the

20  following:

21          And that's the procedures and calculations used to

22  determine and impose any portion of the sentence;

23          The term of imprisonment imposed by the Court;

24          The fine imposed by the Court, provided it's within

25  the statutory maximum;

1          The term of probation or supervised release imposed by

2     the Court, provided it's within the statutory maximum;

3          And any of the described conditions of probation or

4     supervised release imposed by the Court, and that is the

5     standard conditions that are in the Court's general orders, the

6     drug testing conditions mandated by law, and also the alcohol

7     and drug use conditions authorized by law.

8          Did you discuss giving up these rights with your

9     lawyer, Mr. Johns?

10          THE DEFENDANT (JOHNS):  Yes.

11          THE COURT:  Mr. Knoles?

12          THE DEFENDANT (KNOLES):  Yes.

13          THE COURT:  And based on that discussion and having

14     considered the issue, do you agree that you're giving up these

15     rights on the terms and conditions just stated, Mr. Johns?

16          THE DEFENDANT (JOHNS):  I do.

17          THE COURT:  Mr. Knoles?

18          THE DEFENDANT (KNOLES):  Yes.

19          THE COURT:  The Court accepts the plea agreement based

20     on that understanding.

21          The plea agreement indicates it was signed on

22     January 19 by you and your client.  Is that correct,

23     Mr. McCurry?

24          MR. McCURRY:  Yes, your Honor.

25          THE COURT:  And the plea agreement as to Mr. Knoles

```
1    indicates it was signed on January 20 by you and your client.
2    Is that correct, Mr. Meza?
3               MR. MEZA:  Yes.
4               THE COURT:  Did your client sign the agreement in your
5    presence, Mr. McCurry?
6               MR. McCURRY:  Yes.
7               THE COURT:  Mr. Meza?
8               MR. MEZA:  Yes.
9               THE COURT:  Did you discuss the contents of the
10   agreement with him before he signed it, Mr. McCurry?
11              MR. McCURRY:  Yes.
12              THE COURT:  Mr. Meza?
13              MR. MEZA:  Yes.
14              THE COURT:  Does the agreement represent the entire
15   agreement between your client and the government, Mr. McCurry?
16              MR. McCURRY:  Yes.
17              THE COURT:  Mr. Meza?
18              MR. MEZA:  Yes.
19              THE COURT:  Did you review the facts of the case and
20   all of the discovery provided by the government with your
21   client, Mr. McCurry?
22              MR. McCURRY:  Yes, ma'am.
23              THE COURT:  Mr. Meza?
24              MR. MEZA:  Yes.
25              THE COURT:  Did you pursue with your client the
```

1  potential defenses he might have, Mr. McCurry?

2          MR. McCURRY:  Yes.

3          THE COURT:  Mr. Meza?

4          MR. MEZA:  Yes.

5          THE COURT:  Have you advised your client concerning

6  the legality or admissibility of any statements or confessions

7  or other evidence the government has against him, Mr. McCurry?

8          MR. McCURRY:  Yes.

9          THE COURT:  Mr. Meza?

10         MR. MEZA:  Yes.

11         THE COURT:  To the best of your knowledge, is your

12 client pleading guilty because of any illegally obtained

13 evidence in the possession of the government, Mr. McCurry?

14         MR. McCURRY:  No, your Honor.

15         THE COURT:  Mr. Meza?

16         MR. MEZA:  No.

17         THE COURT:  Did you and your client agree it was in

18 his best interests to enter into this plea agreement,

19 Mr. McCurry?

20         MR. McCURRY:  Yes.

21         THE COURT:  Mr. Meza?

22         MR. MEZA:  Yes.

23         THE COURT:  Do you believe your client is entering

24 into this plea agreement freely and voluntarily with full

25 knowledge of the charges and the consequences of the plea,

```
1    Mr. McCurry?

2              MR. McCURRY:  Yes.

3              THE COURT:  Mr. Meza?

4              MR. MEZA:  Yes.

5              THE COURT:  Have there been any promises,

6    representations or guarantees made either to you or your client,

7    other than what's contained in the written plea agreement,

8    Mr. McCurry?

9              MR. McCURRY:  No, your Honor.

10             THE COURT:  Mr. Meza?

11             MR. MEZA:  No.

12             THE COURT:  Other than what's contained in the written

13   plea agreement and other than a general discussion of the

14   guidelines sentencing range and other sentencing considerations,

15   have you given any indication to your client of what specific

16   sentence the Court would impose or conveyed to him any promise

17   of a particular sentence in the event the Court accepts his plea

18   of guilty, Mr. McCurry?

19             MR. McCURRY:  No, your Honor.

20             THE COURT:  Mr. Meza?

21             MR. MEZA:  No.

22             THE COURT:  Do you know of any reason why the Court

23   should not accept your client's plea, Mr. McCurry?

24             MR. McCURRY:  No.

25             THE COURT:  Mr. Meza?
```

```
 1              MR. MEZA:  None.

 2              THE COURT:  Do you join in the waiver of jury trial

 3    and concur in the plea, Mr. McCurry?

 4              MR. McCURRY:  Yes.

 5              THE COURT:  Mr. Meza?

 6              MR. MEZA:  Yes.

 7              THE COURT:  Ms. Chou, other than what's expressly

 8    contained in the written plea agreement, has the government made

 9    any promises, representations, or guarantees either to the

10    defendant -- to either defendant or either defense counsel?

11              MS. CHOU:  No, your Honor.

12              THE COURT:  Does the government waive jury trial?

13              MS. CHOU:  Yes, your Honor.

14              THE COURT:  Are you satisfied with the representation

15    your lawyer has provided, Mr. Johns?

16              THE DEFENDANT (JOHNS):  Yes.

17              THE COURT:  Mr. Knoles?

18              THE DEFENDANT (KNOLES):  Yes, ma'am.

19              THE COURT:  Have you told your lawyer everything you

20    know about your case, Mr. Johns?

21              THE DEFENDANT (JOHNS):  Yes.

22              THE COURT:  Mr. Knoles?

23              THE DEFENDANT (KNOLES):  Yes.

24              THE COURT:  Do you believe that he's fully considered

25    any defense you may have to the charge, Mr. Johns?
```

```
1              THE DEFENDANT (JOHNS):  Yes, I do.

2              THE COURT:  Mr. Knoles?

3              THE DEFENDANT (KNOLES):  I do.

4              THE COURT:  Do you believe he's fully advised you

5    concerning this matter, Mr. Johns?

6              THE DEFENDANT (JOHNS):  Yes.

7              THE COURT:  Mr. Knoles?

8              THE DEFENDANT (KNOLES):  Yes.

9              THE COURT:  Do you believe you've had enough time to

10   discuss the matter with him, Mr. Johns?

11             THE DEFENDANT (JOHNS):  Yes.

12             THE COURT:  Mr. Knoles?

13             THE DEFENDANT (KNOLES):  Yes.

14             THE COURT:  Did your lawyer or anyone else tell you

15   how you should answer any of the questions that I asked you

16   today, Mr. Johns?

17             THE DEFENDANT (JOHNS):  No.

18             THE COURT:  Mr. Knoles?

19             THE DEFENDANT (KNOLES):  No.

20             THE COURT:  Do you believe you understand everything

21   that happened here today and everything that was said by the

22   Court and by the lawyers, Mr. Johns?

23             THE DEFENDANT (JOHNS):  I do.

24             THE COURT:  Mr. Knoles?

25             THE DEFENDANT (KNOLES):  I do.
```

```
 1              THE COURT:  Do you believe you understand the
 2   consequences to you of this plea, Mr. Johns?
 3              THE DEFENDANT (JOHNS):  Yes.
 4              THE COURT:  Mr. Knoles?
 5              THE DEFENDANT (KNOLES):  Yes.
 6              THE COURT:  Do you believe you're competent to make
 7   the decision to plead guilty, Mr. Johns?
 8              THE DEFENDANT (JOHNS):  I do.
 9              THE COURT:  Mr. Knoles?
10              THE DEFENDANT (KNOLES):  Yes.
11              THE COURT:  Do you know of any reason why the Court
12   should not accept your plea of guilty, Mr. Johns?
13              THE DEFENDANT (JOHNS):  Do not.
14              THE COURT:  Mr. Knoles?
15              THE DEFENDANT (KNOLES):  None.
16              THE COURT:  Do you understand then that all that is
17   left in your case, if I accept your plea of guilty, is the
18   imposition of sentence, which may include imprisonment,
19   Mr. Johns?
20              THE DEFENDANT (JOHNS):  Yes, ma'am.
21              THE COURT:  Mr. Knoles?
22              THE DEFENDANT (KNOLES):  Yes.
23              THE COURT:  Having in mind all that we have discussed
24   regarding your plea of guilty, the rights that you'll be giving
25   up, and the maximum sentence you may receive, do you still want
```

1    to plead guilty, Mr. Johns?

2              THE DEFENDANT (JOHNS):  I do.

3              THE COURT:  Mr. Knoles?

4              THE DEFENDANT (KNOLES):  Yes.

5              THE COURT:  Please listen carefully, gentlemen,

6    because I am going to state the facts the government contends it

7    would be prepared to prove at trial, and then I am going to ask

8    you some questions about that factual statement.  They are

9    slightly different, so I am going to read them separately, even

10   though there is a lot of similarities.

11             Mr. Johns, now we will focus on what is contained in

12   the plea agreement at Paragraph 10 as to you.  And that is on or

13   about July 28, 2011, in San Bernardino County within the Central

14   District of California and within the special maritime and

15   territorial jurisdiction of the United States, namely, the

16   United States Penitentiary at Victorville, California, you and

17   another inmate, each aiding and abetting the other,

18   intentionally struck and wounded victims whose initials are PM

19   and CT with dangerous weapons, namely, homemade knives, with the

20   intent to do bodily harm to the victims.  Specifically, you

21   struck and wounded PM and CT separately, each with a homemade

22   knife, with the intent to cause each of them bodily harm.

23             Also you aided and abetted the other inmate in an

24   assault on PM knowing and intending to aid and causing bodily

25   harm to PM with the use of a dangerous weapon.

1    Both PM and CT sustained permanent or life-threatening
2    bodily injury from the multiple stab wounds inflicted on them.
3    Mr. Knoles, with regard your case, again, in Paragraph
4    10, it alleges that the government would be prepared to prove on
5    or about July 28, 2011, in San Bernardino County, again, the
6    Central District of California and the special maritime and
7    territorial jurisdiction of the United States, which is the
8    Penitentiary at Victorville, California, you and another inmate,
9    each aiding and abetting the other, intentionally struck and
10   wounded victims PM and CT with dangerous weapons, namely,
11   homemade knives, with the intent to do bodily harm to the
12   victims, and you struck and wounded PM with a homemade knife
13   with the intent to do him bodily harm, and you also aided and
14   abetted the other inmate on assaults on PM and CT, knowing and
15   intending to aid in causing bodily harm to PM and CT, with use
16   of a dangerous weapon, and both PM and CT sustained permanent or
17   life-threatening bodily injury from the multiple stab wounds
18   inflicted on them.
19   Gentlemen, do you understand what I just stated from
20   the plea agreement with regard to each of you, Mr. Johns?
21   THE DEFENDANT (JOHNS):  I do.
22   THE COURT:  Mr. Knoles?
23   THE DEFENDANT (KNOLES):  Yes, ma'am.
24   THE COURT:  And is everything that's contained in that
25   factual statement in the plea agreement about you and your

```
 1   conduct and intent true and correct, Mr. Johns?

 2             THE DEFENDANT (JOHNS):  It is.

 3             THE COURT:  Mr. Knoles?

 4             THE DEFENDANT (KNOLES):  Yes, ma'am.

 5             THE COURT:  Are you pleading guilty because you did

 6   the things charged in Count 2 of the Indictment, Mr. Johns?

 7             THE DEFENDANT (JOHNS):  Yes.

 8             THE COURT:  Mr. Knoles?

 9             THE DEFENDANT (KNOLES):  Yes.

10             THE COURT:  Are you pleading guilty because you are

11   guilty, Mr. Johns?

12             THE DEFENDANT (JOHNS):  Yes.

13             THE COURT:  Mr. Knoles?

14             THE DEFENDANT (KNOLES):  Yes.

15             THE COURT:  In your own words, Mr. Johns, would you

16   tell me briefly what you did, please.

17             THE DEFENDANT (JOHNS):  I admit to the factual basis

18   of this.

19             THE COURT:  Okay.  I would like you to tell me what

20   you did.  I want to make sure, before I send you to prison, that

21   I am confident that you committed a crime.

22             THE DEFENDANT (JOHNS):  I assaulted two inmates.

23             THE COURT:  Did you intend at the time you did that to

24   do them bodily harm?

25             THE DEFENDANT (JOHNS):  I wasn't thinking about that.
```

```
 1            THE COURT:  Which is why I asked.
 2            Mr. McCurry, do you want to talk to your client?
 3            MR. McCURRY:  Okay.
 4            THE DEFENDANT (JOHNS):  Yes, I did.
 5            THE COURT:  Okay.  It's not --
 6            THE DEFENDANT (JOHNS):  Yes.  I had intent, yes.
 7            THE COURT:  So you were just misstating before?
 8            THE DEFENDANT (JOHNS):  Correct.
 9            THE COURT:  And did you use those -- the homemade
10    knives that are referred to here?
11            THE DEFENDANT (JOHNS):  Yes, I did.
12            THE COURT:  And did you also assist or aid and abet
13    another inmate at the time?
14            THE DEFENDANT (JOHNS):  Correct.
15            THE COURT:  And do you agree that those two victims
16    sustained permanent or life-threatening bodily injury?
17            THE DEFENDANT (JOHNS):  Yes.
18            THE COURT:  Mr. Knoles, would you tell me briefly what
19    you did.
20            THE DEFENDANT (KNOLES):  Myself and another assaulted
21    an inmate at USP Victorville, California.
22            THE COURT:  There are two victims referred to here.
23    Were there two people that you were involved in assaulting?
24            THE DEFENDANT (KNOLES):  Yes, ma'am.
25            THE COURT:  Did you intend to do those people bodily
```

1   harm?

2           THE DEFENDANT (KNOLES):  Yes, I did.

3           THE COURT:  Did you use homemade knives when you did

4   that?

5           THE DEFENDANT (KNOLES):  Yes, I did.

6           THE COURT:  Do you agree that those people suffered

7   life-threatening or permanent bodily injuries?

8           THE DEFENDANT (KNOLES):  Yes.

9           THE COURT:  Is the government satisfied with the

10  factual basis?

11          MS. CHOU:  Yes, your Honor.  Thank you.

12          THE COURT:  Do counsel agree the Court has complied

13  with the requirements of Rule 11, Ms. Chou?

14          MS. CHOU:  Yes, your Honor.

15          THE COURT:  Mr. McCurry?

16          MR. McCURRY:  Yes, your Honor.

17          THE COURT:  Mr. Meza?

18          MR. MEZA:  Yes.

19          THE COURT:  In Case No. CR 11-841, how do you plead to

20  Count 2, Mr. Johns?

21          THE DEFENDANT (JOHNS):  Guilty.

22          THE COURT:  How do you plead to Count 2, Mr. Knoles?

23          THE DEFENDANT (KNOLES):  Guilty.

24          THE COURT:  I am going to make certain findings.  If

25  you don't understand what I say or if you disagree with what I

1   say or if you want to talk to your lawyer, please interrupt me

2   right away or ask your lawyer to interrupt me.

3          In the case of the United States vs. Johns and Knoles,

4   the Court having questioned the defendants and their counsel on

5   the offer of their pleas of guilty to Count 2 of the Indictment,

6   a felony, the defendants and their counsel having advised the

7   Court that they have conferred concerning the offered pleas of

8   guilty and all aspects of the charge against the defendants and

9   any defenses they may have, and the Court having observed

10  defendants' intelligence, demeanor, and attitude while answering

11  questions, and the Court having observed that the defendants do

12  not appear to be under the influence of any medicine, drug or

13  other substance or factor that might affect their actions or

14  judgment in any manner, the Court finds that the defendants are

15  fully competent and capable of entering an informed plea and

16  that the defendants are aware of the nature of the charges and

17  the consequences of the plea.

18         The Court further finds that the plea of guilty as to

19  each is knowingly, voluntarily, and intelligently made with a

20  full understanding of the nature of the charges, the

21  consequences of the pleas, and defendants' constitutional

22  rights.

23         The Court further finds the pleas are supported by an

24  independent factual basis containing each of the essential

25  elements of the offense.

1          The Court, therefore, accepts the pleas and orders

2    that the pleas be entered.

3          Written presentence reports will be prepared by the

4    probation office.  You will be asked to provide information for

5    that report.  Your lawyers may be present, if you wish.  And you

6    will be able to read the reports and file objections before the

7    sentencing hearing.  You will be able to speak on your behalf at

8    the hearing.

9          The defendants are referred to the probation office

10   for a presentence report.

11         And, Ms. Plato, have you come up with a date for us?

12         THE CLERK:  Yes, your Honor.  We came up with

13   July 11th at 2:30 p.m.

14         THE COURT:  Does that work for everyone?

15         MR. MEZA:  Yes.

16         MR. McCURRY:  Yes.

17         MS. CHOU:  Yes, your Honor.

18         THE COURT:  All right.  The date for sentencing is

19   July 11 at 2:30 p.m.

20         You are ordered to appear on that date and time

21   without any further notice or order of court.  All dates, other

22   than the sentencing date, are vacated, all material witnesses

23   are released.

24         And, Ms. Chou, you'll prepare the sentencing order.

25   If you don't know what I'm talking about, check with

1    Mr. Cardona.

2              That should give everybody plenty of time so I

3    wouldn't expect to have a request for continuance unless there's

4    some specific reason for that that I can't think of offhand

5    right now.

6              Is there anything more I can do for you today?

7              MR. McCURRY:  I do have one issue on behalf Mr. Johns,

8    your Honor, if I may take a moment.

9              THE COURT:  Sure.

10             MR. McCURRY:  Currently there's a separation order in

11   place between Mr. Johns and Mr. Knoles.  Now, it's almost a moot

12   point since Mr. Johns is at MDC and Mr. Knoles is at

13   San Bernardino.  However, with the separation order in place,

14   that does affect Mr. Johns status at MDC for him to be able to

15   work his way out of the High Security Section on 8 North down

16   into the general population.

17             I would ask if the Court would consider an order or

18   recommendation to the Marshal Service that that separation be

19   lifted.

20             THE COURT:  Well, I think the approach for you to take

21   is to call Ty Fitzpatrick and check with him and find out how to

22   go about doing that, if it can be done.  It sounds logical to

23   me, but I'm not in charge of the prison.  I'm in charge of the

24   courtroom.

25             So if there's some explanation that you don't think is

```
 1   right or you want to make some kind of specific showing that
 2   suggests that they're not handling things appropriately or in
 3   accordance with prison procedures, then I'll certainly consider
 4   that, but otherwise I think the first approach should be to talk
 5   to the Marshal Service.
 6            MR. McCURRY:  But the Court would be willing, after I
 7   do that, if necessary, to consider a written request?
 8            THE COURT:  Well, certainly I'll consider anything you
 9   submit.  It should say more than Mr. Johns thinks he ought to
10   not have this rule.  There should be some description of why
11   that's a problem for Mr. Johns and why it's not justified under
12   the circumstances.
13            All right?
14            MR. McCURRY:  Yes.
15            THE COURT:  Anything else?  Thank you.
16
17            (Proceedings adjourned at 10:04 a.m.)
18
19
20
21
22
23
24
25
```

*CERTIFICATE OF OFFICIAL REPORTER*

*COUNTY OF LOS ANGELES )*
                        *)*
*STATE OF CALIFORNIA   )*


          *I, Pamela A. Batalo, Federal Official Realtime Court*

*Reporter, Registered Professional Reporter, in and for the*

*United States District Court for the Central District of*

*California, do hereby certify that pursuant to Section 753,*

*Title 18, United States Code, that the foregoing is a true and*

*correct transcript of the stenographically reported proceedings*

*held in the above-entitled matter and that the transcript page*

*format is in conformance with the regulations of the Judicial*

*Conference of the United States.*


*Date:  December 12, 2012*



*/s/ Pamela A. Batalo*
*Pamela A. Batalo, CSR No. 3593, FCRR, RMR*
*Federal Official Court Reporter*